UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DARRYL LEE FERGUSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 4:12-CV-034 WL |
| vs. ) | |
| ) | |
| TOM BUSH, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

Darryl Lee Ferguson, a *pro se* plaintiff, submitted a complaint under 42 U.S.C. § 1983 along with a Motion for Leave to Proceed *In Forma Pauperis.* Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a). Based on the income information Ferguson has provided, the Court finds that the Plaintiff is financially eligible for *in forma pauperis* status. The inquiry does not end there, however. District courts have an obligation under 28 U.S.C. §

1915(e)(2)(B) to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

Ferguson's complaint states three causes of action against Tom Bush, an Indiana state court judge in Tippecanoe, Indiana. First, he alleges: "On October 7, 2011, I was plaintiff in custody case where my son was being physically abused, verified by expert testimony, and Tom Bush issued a no contact order on me." ECF 1 at 2. Ferguson argues that this decision by Judge Bush violated his Fourteenth Amendment rights. Secondly, he alleges that on March 7, 2012, Judge Bush found him in contempt for failure to appears at a status hearing. Ferguson states that he was not given notice of the hearing, and therefore, the contempt order was in violation of his Sixth Amendment rights. Lastly, he alleges that a custody hearing was held on September 7, 2011, for which he was not given proper notice in violation of his Sixth and Fourteenth Amendment rights.

Ferguson's allegations do not state a plausible claim for relief. A state court judge is entitled to absolute immunity from damages for judicial acts regarding matters within the court's jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman,* 435 U.S. 439, 359 (1978). Making a custody determination, holding hearings, and holding Ferguson in contempt are all within the state court's jurisdiction, therefore Judge Bush is immune and plaintiff's claims for monetary damages must be dismissed.

To the extent Ferguson is seeking to overturn or set aside the contempt or custody orders such relief is barred under the *Rooker-Feldman* doctrine. "Only the Supreme Court has jurisdiction to review the decision of a state court in a civil case, no matter how erroneous or unconstitutional the state court judgment may be." *Martin v. Heuer*, No. 11-3131; 2012 WL 1862325, at *1; 2012

U.S. App. LEXIS 10368, at *3 (7th Cir. May 23, 2012) (quotation marks and citation omitted). Therefore, this court does not have the jurisdiction to grant injunctive relief overturning the state court orders.

For the foregoing reasons, the *in forma pauperis* petition is denied and this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

**SO ORDERED**.

ENTERED: June 27, 2012

s/William C. Lee
William C. Lee, Judge
United States District Court
